IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM C. BRIDLE,

        Plaintiff,

v.                                          No. CIV-13-0500 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 29)*, and memorandum in support [*Doc. 29-1*], both filed January 20, 2014 (hereinafter, collectively, "motion"). In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 4* and *9*]. On March 20, 2014, Defendant filed a response to the motion [*Doc. 30*], and, on March 28, 2014, Plaintiff filed a reply [*Doc. 31*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 15*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED**.

## I.   Procedural History

On October 5, 2009, Plaintiff filed an application for Disability Insurance Benefits (hereinafter "DIB"), alleging that he became disabled on April 12, 2006.  [*Doc. 15-8* at 12-13]. On March 15, 2010, Plaintiff amended his application to allege that he became disabled on November 30, 2008.  *Id.* at 14.  Plaintiff stated that he became disabled due to: depression, anxiety attacks, learning disability, and back injury.  [*Doc. 15-9* at 6].  The application was denied at the initial level (*Doc. 15-6* at 8-11), and at the reconsideration level (*id.* at 13-15).[1] Pursuant to Plaintiff's request (*id.* at 18-19), Administrative Law Judge Mary Gallagher Dilley (hereinafter "ALJ") conducted a hearing on February 28, 2012.  [*Doc. 15-4* at 2-48].  At the hearing, Plaintiff was present, was represented by counsel and testified (*id.* at 4, 8-39, and 42-43), and Vocational Expert (hereinafter "VE"), William Weiss, was also present and testified (*id.* at 4, 39-47).

On April 25, 2012, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 15-3* at 11-29].  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 40), and, on April 2, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 2-6), which made the ALJ's decision the final decision of the Commissioner.  On May 30, 2013, Plaintiff filed his complaint in this case. [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied.

---

[1] Neither of these decisions is dated, however, the Administrative Record's index states that the application was denied at the initial level on March 12, 2010, and was denied at the reconsideration level on July 16, 2010. [*Doc. 15-2* at 1]; *see also* [*Doc. 15-3* at 11] (Administrative Law Judge's decision).

*Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted). While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a).  In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on April 1, 1974.  [*Doc. 15-8* at 12].  Plaintiff has held the following jobs: cashier, construction/labor, cook, food packer/processer, forklift driver, and truck driver. [*Doc. 15-9* at 7].  Plaintiff alleges that he is unable to work because of depression, anxiety attacks, learning disability, and back injury.  *Id.* at 6.  Plaintiff's medical records include: a

4

Psychiatric-Psychological Source Statement of Ability to Work-Related Activities by Roberta C. Nicholson, APRN, dated November 9, 2006 (*Doc. 15-11* at 12-14); two Psychiatric Review Techniques, one by J. LeRoy Gabaldon, Ph.D., dated February 16, 2007 (*15-17* at 27-40) and one by Scott R. Walker, M.D., dated February 2, 2010 (*Doc. 15-18* at 27-40); four Case Analyses, one by Eileen M. Brady, M.D., dated February 16, 2007 (*Doc. 15-17* at 42), two by Allen Gelinas, M.D., dated June 15, 2010 (*Doc. 15-24* at 30) and July 2, 2010 (*id.* at 31), and one by Elizabeth Chiang, M.D., dated July 16, 2010 (*id.* at 65); a Mental Residual Functional Capacity Assessment by Scott R. Walker, M.D., dated February 2, 2010 (*Doc. 15-18* at 23-26); a Physical Residual Functional Capacity Assessment by Janice Kando, M.D., dated March 11, 2010 (*id.* at 45-52); two Psychological/Psychiatric Evaluations by Dan Neims, Psy.D., one dated June 17, 2011 (*Doc 15-32* at 19-35) and one dated January 6, 2012 (*Doc 15-33* at 12-24); and a Physical Evaluation by Lynn Staker, M.D., dated November 23, 2011 (*id.* at 2-9).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of November 30, 2008.  [*Doc. 15-3* at 13].  At step two, the ALJ found that Plaintiff has the following severe impairments: "lumbar degenerative disc disease, thoracic degenerative disc disease, depressive disorder, and alcohol abuse in apparent remission."  *Id.*  At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  *Id.* at 14-16.

Before step four, the ALJ determined that Plaintiff has the RFC to perform light work, "except he can lift 20 pounds occasionally and 10 pounds frequently; he can stand and[/]or walk 6 hours in an 8-hour workday; he can sit 6 hours in an 8-hour workday, alternating between sitting and standing briefly every hour; he is limited to frequent stooping and crouching; he must avoid concentrated exposure to fumes, odors, dusts, and gases; [and] he can perform work with no contact with the public and occasional contact with coworkers."  *Id.* at 16.  In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  *Id.* at 17.  The ALJ noted that Plaintiff has made inconsistent statements about his back symptoms, that physical exam findings support mild to moderate limitations (*id.* at 17-18), and that Plaintiff's "physical activities of daily living are inconsistent with disability and inconsistent with reports to medical providers of record" (*id.* at 18).  The ALJ further stated that Plaintiff's "alcohol abuse and misrepresentations about his drug use during the period at issue undermines his credibility," and that Plaintiff's "lack of compliance with treatment undercuts his credibility with regard to his mental health symptoms."  *Id.* at 19.  The ALJ found that Plaintiff's mental activities of daily living are inconsistent with a finding of disability, and the ALJ gave little weight to the Third Party Function Report by Plaintiff's mother, and gave some weight or little weight to the assessments and opinions of various examining and state agency physicians.  *Id.* at 20-21.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work, so the ALJ proceeded to the fifth step.  *Id.* at 21.

At the fifth and final step, the ALJ noted that Plaintiff was born on April 1, 1974, so he was 34 years old at the time of his alleged disability onset date, which is defined as a younger individual between the ages of 18-49.  *Id.* at 22.  The ALJ noted that Plaintiff has at least a high school education, and is able to communicate in English.  *Id.*  The ALJ stated that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills."  *Id.* (citing Soc. Sec. Rep. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform.  *Id.*  The ALJ stated that she asked the VE "whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," and the VE testified that such an individual would be able to perform the following requirements of representative occupations: assembler, cannery worker, and basket filler, all light jobs, all of which is light work.  *Id.*  The ALJ stated that "the [VE's] testimony is consistent with the information contained in the Dictionary of Occupational Titles."  *Id.*  The ALJ concluded that "[Plaintiff] is capable of making a successful adjustment to work that exists in significant numbers in the national economy."  *Id.* at 23.  The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act.  *Id.*

## V.   Analysis

Plaintiff makes the following arguments in his motion to reverse or remand: (1) the ALJ erred by failing to consider the required factors for weighing the psychological opinions of

Dr. Neims (*Doc. 29-1* at 13-20); and (2) the ALJ failed to include in her RFC determination that Plaintiff has moderate difficulties in concentration, persistence or pace (*id.* at 20-23).  In response, Defendant argues that the ALJ properly considered Dr. Neims' opinions (*Doc. 30* at 3-4), and that the ALJ did not err in her RFC determination regarding Plaintiff's difficulties in concentration, persistence and pace (*id.* at 4-6).

## A.   The ALJ's Consideration of Dr. Neims' Opinions

Plaintiff first contends that the ALJ failed to properly consider Dr. Neims' opinions pursuant to the factors set forth in 20 C.F.R. § 404.1527(c), specifically by failing to consider the evidence supporting Dr. Neims' opinions and the fact that Dr. Neims examined Plaintiff twice. [*Doc. 29-1* at 13-19].  Plaintiff contends that the ALJ did not provide a reason for rejecting the evidence supporting Dr. Neims' opinions, and that Dr. Neims' opinions should have been given greater weight by the ALJ because Dr. Neims was an examining, not just consulting, physician. *Id.*  In addition, Plaintiff contends that the ALJ's reason for rejecting Dr. Neims' opinions -- that Plaintiff told Dr. Neims that he had no substance abuse history when he did -- is an inadequate reason to reject the opinions.  *Id.* at 19-20.

In response, Defendant states that the ALJ properly considered Dr. Neims' opinions because she did not reject the opinions but, instead, accorded them "little weight," and that the ALJ incorporated Dr. Neims' opinions that Plaintiff was markedly limited in his ability to effectively perform in a work setting with public contact in her RFC determination.  [*Doc. 30* at 3]. Defendant further contends that the ALJ did not err in rejecting the portion of Dr. Neims' report where he opined that Plaintiff was disabled from substantial gainful activity for the next six

months or longer, because that was a finding on the ultimate issue of disability which is an issue reserved for the Commissioner.  *Id.* at 4.

The findings of state agency medical or psychological consultants are not binding on an ALJ; however, they are medical opinion evidence which an ALJ must consider, except as to the ultimate determination of whether a claimant is disabled.  *See* 20 C.F.R. § 404.1527(e)(2)(i). Here, the ALJ stated that she gave "little weight" to Dr. Neims' opinions, and noted that Dr. Neims opined that Plaintiff was markedly limited in his ability to perform effectively in a work setting with public contact and that Plaintiff was disabled from substantial gainful activity for the foreseeable six months or longer.  [*Doc. 15-3* at 20].   The ALJ stated that Plaintiff misrepresented his substance abuse at both evaluations by Dr. Neims, and denied any history of substance abuse.  *Id.* at 20-21.

The Court finds that the ALJ sufficiently incorporated Dr. Neims' findings regarding Plaintiff's difficulties in social functioning in her RFC determination by limiting Plaintiff to work with no contact with the public and only occasional contact with co-workers.   However, the ALJ failed to discuss or incorporate into her RFC determination Dr. Neims' opinions regarding Plaintiff's mild-to-moderate difficulties with: understanding, remembering and persisting in tasks with simple or complex instructions; learning new tasks; performing routine tasks without supervision; and awareness of normal hazards.  *See* [*Doc. 15-32* at 21] and [*Doc. 15-33* at 14]. These findings are supported by the findings of Roberta C. Nicholson, APRN, who found that Plaintiff had: marked limitations with understanding and remembering detailed or complex instructions; mild limitations understanding and remembering very short and simple instructions;

marked limitations with sustained concentration and task persistence; and moderate to marked limitations with ability to adapt to changes in the workplace, awareness of normal hazards, and ability to use public transportation and travel to unfamiliar places. [*Doc. 15-11* at 12-14]. Some of Dr. Neims' findings are further supported by some of the findings of Dr. Walker, such as that Plaintiff has moderate difficulties in maintaining concentration, persistence or pace and the ability to set realistic goals or make plans independently of others. [*Doc. 15-18* at 23-24 and 37]. The ALJ does not mention the opinion of Ms. Nicholson, and, while the ALJ states that she gave "some weight" to Dr. Walker's opinion, she does not state why she rejected the portions of his opinions regarding Plaintiff's moderate limitations in abilities to maintain attention and concentrate for extended periods, ability to work in coordination with or proximity to others without being distracted by them, or ability to complete a normal workday or workweek. *See* [*Doc. 15-18* at 23-24 and 37]. The Court finds that the ALJ's apparent rejection of Dr. Neims' opinions because Plaintiff misrepresented his substance abuse is not an adequate explanation because it does not account for the evidence in the record from other medical sources that support some of Dr. Neims' opinions. As the Tenth Circuit explained in *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), an ALJ must explain why even moderate limitations are rejected, while others are not, when they conflict with the ALJ's RFC assessment. The Court, therefore, finds that the ALJ failed to properly explain why she rejected portions of Dr. Neims' opinions, which is legal error. *See Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir.2008) (explaining that an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence") (citation and internal quotation marks omitted); *see also*

10

SSR 96-8p, 1996 WL 374184 at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."), and *Haga*, 482 F.3d at 1208 ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on [the state agency consultant's] RFC assessment while appearing to adopt the others."). The Court, therefore, instructs Defendant that, on remand, the ALJ shall either incorporate Dr. Neims' findings into Plaintiff's RFC assessment, or sufficiently explain why they are rejected.

### B. The ALJ's Consideration of Plaintiff's Mental Impairments

Plaintiff contends that the ALJ erred by failing to include in her RFC determination her step-three finding that Plaintiff has moderate difficulties in concentration, persistence, or pace. [*Doc. 29-1* at 20-23]. The Court finds that this contention is without merit. As explained by the Tenth Circuit in *Anderson v. Colvin*, an ALJ is not required to include the limitations found at steps two and three of the sequential evaluation process in the ALJ's RFC assessment. *Anderson*, No. 12-1102, 2013 WL 1339379, *6 (10th Cir. April 4, 2013) (unpublished); see also SSR 96-8p at *4 (explaining that "the [ALJ] must remember that the limitations identified in the 'paragraph B' . . . criteria[2] are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process"). The ALJ, therefore, was not required to include her step-three findings regarding Plaintiff's concentration, persistence or pace in her RFC assessment. In addition, the ALJ properly explained in her decision that the limitations identified in the "'paragraph B' criteria are not a[n RFC] assessment but are used to rate the severity of

---

[2] "Paragraph B" criteria are used by the ALJ to determine whether an individual meets a mental impairment listing at step three, and the criteria are: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00(C) - Mental Disorders.

mental impairments at steps 2 and 3 of the sequential evaluation process." [*Doc. 15-3* at 15]. The Court, therefore, finds that the ALJ did not err in failing to include her paragraph B findings regarding Plaintiff's moderate limitations with concentration, persistence, or pace in the ALJ's RFC assessment. *See also Beasley v. Colvin*, No. 12-6256, 520 Fed. Appx. 748, 754, 2013 WL 1443761 (10th Cir. April, 10, 2013) (unpublished) ("The ALJ was under no obligation to include limitations in social functioning in [the claimant's] RFC based solely on his finding that she had "moderate difficulties" in social functioning as part of the distinct step-three analysis."), and *Anderson*, 2013 WL 1339379 at *6 ("We agree with the Commissioner that the ALJ was not required to include any of Dr. Pelc's B criteria opinions in his RFC assessment.") (citation and internal quotation marks omitted).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider Dr. Neims' opinions as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 29)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.   A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**